UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Andy Lawson McDaniel, ) | C/A No. 7:23-cv-01527-TMC-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| R. Todd Campbell, Darren M. Janesky, ) | |
| Town of Blacksburg a/k/a Blacksburg ) | |
| Police Department, Mayor Mike ) | |
| Patterson, Police Chief Jamie P. Ham, ) | |
| Cherokee County Sheriff's Office, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Before the Court is R. Todd Campbell ("Campbell"), Police Chief Jamie P. Ham ("Chief Ham"), Darren M. Janesky ("Janesky"), Mayor Mike Patterson ("Mayor Patterson"), and Town of Blacksburg a/k/a Blacksburg Police Department's ("the Town") (collectively "Blacksburg Defendants") Motion to Exclude Plaintiff's Expert Micah Sturgis ("Sturgis"). ECF No. 44.

This case was removed from state court on April 13, 2023. ECF No. 1. On April 26, 2023, the first Scheduling Order set Plaintiff's deadline to identify expert witnesses as July 21, 2023. ECF No. 13. On June 5, 2023, a Consent Amended Scheduling Order extended this deadline until September 21, 2023. ECF No. 22. On August 22, 2023, a Second Consent Amended Scheduling Order extended this deadline until December 21, 2023. ECF No. 26. On December 28, 2023, Third Consent Amended Scheduling Order ("the 3rd Order") changed this deadline yet again to February 19, 2024. ECF No. 32. The 3rd Order directed parties as follows:

1

> Concurrent with the identification of each expert and subject matter, each party shall serve (but not file): 1) a complete copy of the most current curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; 2)(a) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (b) the data and other information considered by the expert in forming the opinions, (c) any exhibits to be used as a summary of or support for the opinions, and (d) citations of any treatise, text or other authority upon which each expert especially relied; and 3) a copy of each expert's report if a report has been prepared.

*Id*. at 1 n. 1. The 3rd Order stated that "Discovery shall be completed no later than **May 19, 2024**" and also advised, "**[t]he parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected <u>and at their own risk</u>**." *Id*. at 2 (emphasis in original). On May 15, 2024, a Fourth Consent Amended Scheduling Order ("the 4th Order") extended the discovery deadline to July 31, 2024. ECF No. 42. The 4th Order did not extend the prior deadlines for identification of experts.

Plaintiff identified Sturgis on July 31, 2024. ECF No. 43. Blacksburg Defendants seek to exclude Sturgis for being untimely identified. ECF No. 44 at 1. They contend Plaintiff's late disclosure lacks substantial justification and is not harmless. *Id*. at 3.

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The Federal Rules of Civil Procedure provide that "a party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26 (a)(2)(D). The 3rd Order set a deadline of February 19, 2024, for Plaintiff to identify an expert witness. Plaintiff identified Sturgis on July 31, 2024, and his identification was therefore untimely. ECF No. 43.

Sturgis prepared an expert report, ECF No. 44-2, detailing information gathered from an extraction of data from Campbell's duty-issued cell phone, which Campbell used during the

incidents giving rise to Plaintiff's excessive force claim. Plaintiff explained, "[t]his witness has been identified to opposing counsel and may be expected to testify about the extraction efforts on June 17-18, 2024, and resultant data from the device." *Id*. at 2.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The United States Court of Appeals for the Fourth Circuit instructed as follows:

> [A] district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States Rack and Fixture, Inc. v. Sherwin-Williams* Co., 318 F.3d 592, 596–97 (4th Cir. 2003)).

Plaintiff argues the following important data is in Sturgis' Report: (1) an October 23, 2021, text message from Clay Greer to Campbell stating "Call me.. got poss ID on subject" sent around 8:23:45 PM, ECF No. 49-8 ¶ 6; (2) an October 24, 2021, text message from Campbell to Clay Greer stating "I got him" sent at 12:01:17 AM, *Id*.; (3) that no location data exists between 7:58:25 PM on October 23, 2021, and 4:17:17 AM on October 24, 2021, *Id*. ¶ 7; and (4) a cached image of a South Carolina Registration for Plaintiff showing it was created in cache on October 23, 2021, at 10:43:59 PM, *Id*. ¶ 8. Plaintiff also asserts, "[t]he gist of Defendant's Motion to Exclude is an effort to exclude its own evidence, which was not produced in the case, nor was it identified for inspection until May 13, 2024, at the earliest during the 30(b)(6) deposition." *Id*. at 6.

As of July 5, 2023, Plaintiff was in possession of a letter from the Town informing Campbell that he was suspended and directing him to return his Town cellphone, which is the

3

subject of Sturgis' Report. ECF No. 55-6 at 1. Plaintiff knew or should have known the location of the cellphone upon review of this document. Nevertheless, Plaintiff did not pursue discovery of this cellphone until May 2024.

Had Plaintiff believed that there was a substantial justification to identify additional expert testimony, the appropriate action would have been to seek to extend that deadline when the 4th Order was sought on May 15, 2024. Instead, Plaintiff waited until the last day of the discovery period (which had been extended four times) to file this expert identification. Plaintiff's disclosure of an expert on the last day of the discovery deadline was certain to cause surprise and results in Defendants need to gather evidence to rebut Plaintiff's identification. Therefore, Plaintiff's late identification was not harmless. Accordingly, the Court is not persuaded by Plaintiff's explanation for his untimely disclosure.

The Court further finds that Plaintiff would suffer no real prejudice by the exclusion Sturgis' report and testimony. Defendants have stated that they stipulate to the content, dates, and times of the two text messages between Campbell and Clay Greer and the Registration photo. ECF 55 at 4.

Upon consideration of the *Wilkins* factors and Rule 37(c)(1), the Court finds Plaintiff's disclosure was not substantially justified or harmless and excludes Sturgis' testimony and report from this case. This order does not impact any determination on the admissibility at a trial of the data extracted from Campbell's duty-issued cell phone.

4

## CONCLUSION

Based on the foregoing, Blacksburg Defendants' Motion to Exclude Plaintiff's Expert Micah Sturgis is **GRANTED**.  ECF No. 44.

**IT IS SO ORDERED.**

April 24, 2025                                                                                  s/William S. Brown
Greenville, South Carolina                                                         United States Magistrate Judge